**OBENCHAIN CORPORATION, Plaintiff,**

**v.**

**CORPORACION NACIONALE DE INVERSIONES, a/k/a Conadi, Fundiciones–Centroamericanas S.A., Republic of Honduras, Defendants.**

**Civ. A. No. 86–846.**

United States District Court, W.D. Pennsylvania.

March 14, 1989.

Kathleen S. McAllister, Jones Gregg Creehan & Gerace, Pittsburgh, Pa., for plaintiff.

David G. Ries, Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendants.

---

4. *See* 42 Pa.C.S.A. § 8343(b) (Purdon's 1976) for the defendant's burden of proof in an action for defamation.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff sued the Republic of Honduras and its economic development arm CONADI to recover for losses it sustained in an aborted project to build a foundry in Honduras. We previously addressed issues of jurisdiction over foreign sovereigns and nationals and dismissed individual defendants for lack of personal jurisdiction. *Obenchain v. Corporacion Nacionale de Inversiones,* 656 F.Supp. 435 (W.D.Pa.1987). The remaining defendants have now moved for judgment on the pleadings or for summary judgment. The parties have filed briefs and supporting evidentiary materials and we will treat this as a Rule 56 motion for summary judgment.

## FACTS

A basic outline of the pertinent background may be found in our previous Opinion, 656 F.Supp. 435, and we will not repeat it here.

## PROCEDURAL HISTORY

Plaintiff's Complaint consists of 4 counts: Count I v. CONADI for breach of contract and fraud; Count II v. Fundiciones for breach of contract; Count III v. Honduras as guarantor of CONADI's obligations; Count IV v. various individual defendants for fraud. In our previous Opinion we dismissed the individual defendants for lack of personal jurisdiction, eliminating Count IV. We also required plaintiff to effect service upon Fundiciones as required by statute or face dismissal of that defendant. Perhaps because Fundiciones is now defunct, service was apparently not attempted and Fundiciones will therefore be dismissed, eliminating Count II.

The remaining defendants have now filed a motion for summary judgment on several grounds. CONADI seeks summary judgment on Count I because a) plaintiff was not party to any contract with CONADI; b) CONADI did not obligate itself to loan money to Fundiciones and therefore cannot be in breach for failing to loan funds; c) any claim by plaintiff whether in tort or contract, is barred by applicable statutes of limitations. Defendant Honduras seeks summary judgment because if CONADI is not liable to plaintiff, Honduras cannot be liable as CONADI's guarantor.

In response plaintiff appears to have narrowed its claims to the contention that CONADI had an obligation to finance Fundiciones and when it ceased financing it breached its obligation causing collapse of the project. On the limitations issues, plaintiff argues for a tolling period or for the application of a longer limitations period under a different statutory provision. Plaintiff appears to have abandoned the fraud component of Count I.

## DISCUSSION

Plaintiff attempts to ground its breach of contract action in 3 related written contracts and 1 alleged oral modification, created at various points in the life of this project. It is necessary to review these contracts in some detail to understand the parties' interrelation and their concommitant obligations.

Exhibit A to plaintiff's Complaint is a written contract dated November 21, 1976. The contracting parties are CONADI and Obenchain International, S.A., a Panamanian corporation. Defendants correctly point out that Obenchain Corp., the plaintiff here, is not a party to this agreement, and Obenchain International, S.A. is not a party to this lawsuit. In an unusual attempt to pierce its own corporate veil, plaintiff contends that Obenchain Corp. is the proper plaintiff because Obenchain International is a wholly owned subsidiary with no independent assets or office. The two companies have common directors, officers and employees all of whom are paid solely by Obenchain Corp. Although we consider this shifting corporate identity which changes to suit corporate expediency to be highly questionable, particularly in light of the very real impact it may have on jurisdiction, see *Obenchain,* 656 F.Supp. at 440, we need not resolve the case on this basis.

By the first contract Obenchain and CONADI agreed to create a separate corporate entity, Fundiciones. The contract sets forth the parties' relative shares of Fundiciones stock and the amount of capital to be contributed by each party. The agree-

ment also contains the new company's by-laws.

Exhibit B is a written contract dated August 28, 1979 between Fundiciones and CONADI. By the terms of this agreement, Fundiciones grants mortgages on its land and other assets to CONADI to secure any debts it owes or may owe to CONADI in the future. The agreement does not obligate CONADI to loan any sum to Fundiciones, and indeed paragraph 4 of the agreement specifically states:

a) that the acceptance of the mortgages contained in the present contract does not imply for CONADI the obligation of granting loans, credits, nor to make any of the stated operations, if for reasons it does not have to explain it is not its convenience to do it.

It is important to note that Obenchain was not a party to this agreement.

Finally, Exhibit C is a written contract signed sometime in 1980. (The date is either missing or illegible). The parties are Obenchain and Fundiciones. Under this agreement Obenchain agrees to provide certain design, supervisory and operation services in return for specified payments. Note that CONADI is not a party to this contract.

Plaintiff insists that CONADI was obligated to finance Fundiciones and did in fact assume this role. However, when the project neared completion, CONADI ceased advancing funds to Fundiciones, resulting in collapse of the project and ultimately in the seizure of Fundiciones and its assets by CONADI, to the considerable dismay of plaintiff.

Plaintiff points to several items as evidence of CONADI's obligation. First of all plaintiff holds up the mortgage agreement between Fundiciones and CONADI (Exh. B) in which Fundiciones pledges its assets as security for any debt it owes or may owe to CONADI in the future. Although we agree that the parties likely contemplated financing by CONADI, the agreement does not *bind* CONADI to do so. In fact it specifically states the opposite in paragraph 4(a), quoted above.

Plaintiff also points out that CONADI's Board of Directors passed an official reso-lution enabling CONADI to sign the mortgage agreement with Fundiciones (Exh. B) and to loan monies to Fundiciones up to the value of the mortgage assets. Thus CONADI agreed to lend funds to Fundiciones under protection of the mortgage, and CONADI did in fact loan over half the amount recited over the course of the project.

There is nothing in any of these documents which obligates CONADI to lend any particular sum to Fundiciones, or to continue lending once it had undertaken financing. Even the agreement granting a mortgage can be read as guaranteeing any debts owed CONADI *up to* the value of Fundiciones' assets, and in light of Paragraph 4 which denies any specific obligation by CONADI, it probably should be read in this manner. Indeed plaintiff admits as much in its brief at p. 7. Furthermore the Board's resolution approves lending the full sum described but *does not mandate* it.

■ But even if we were to conclude that CONADI had an obligation to finance Fundiciones to the full extent provided by the mortgage agreement and the Board resolution, it is clear that this obligation was owed to *Fundiciones alone.* Obenchain was not a party to the mortgage agreement and Obenchain's only agreement with CONADI (Exh. A) provides for the parties' obligations for initial capital, but fails utterly to include any obligation by any party to provide or obtain financing.

■ Finally, to the extent that plaintiff may allege an oral modification of the original contract, it is clear that this will not satisfy the Honduran version of the Statute of Frauds. See VIII Martindale–Hubbell Law Directory, *Honduras Law Digest 2* (1986); Articles 1526, 1527 Honduran Civil Code (Exh. 3 to defendants' motion).

After an extensive review of the contracts at issue we can discern no contractual obligation owed by CONADI to Obenchain for the continued financing of Fundiciones, and plaintiff has been unable to identify one. Although the financing arrangement may have been an understanding among the parties, this understanding was never reduced to writing and

**698**

cannot provide grounds for an action based on contract.

For the reasons stated, summary judgment will be entered in favor of all remaining defendants on all Counts. Because of our resolution of this issue we need not address the effect of applicable statutes of limitations.

### ORDER

AND NOW in accord with the accompanying Opinion it is hereby ORDERED:

1) Defendant Fundiciones is DISMISSED for plaintiff's failure to effect service as required by our Order of March 18, 1987.

2) Summary Judgment is GRANTED in favor of all remaining defendants on all Counts.

3) The Clerk is DIRECTED to mark this matter CLOSED.

SO ORDERED.